**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW MOUSSEAU; RANDALL WOLFFE, individually and on behalf of all persons similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ADAM CRUM, in his official capacity as Alaska Commissioner of Revenue, Alaska Department of Revenue; TRACY BUSBY, in his official capacity as Unclaimed Property Manager, Alaska Department of Revenue, Treasury Division,, <br><br> Defendants - Appellees. | No. 24-1802 <br><br> D.C. No. 3:23-cv-00075-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Court, Presiding

Argued and Submitted February 5, 2025
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Plaintiffs Andrew Mousseau and Randall Wolffe appeal the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismissal, for lack of standing, of their claims against Defendants Adam Crum and Tracy Busby, in their official capacities as the Alaska Commissioner of Revenue and the Manager of the Unclaimed Property Program of the Alaska Department of Revenue, respectively. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The issues and arguments in this case do not materially differ from those in *Garza v. Woods*, --- F.4th ---, No. 24-1064 (9th Cir. 2025). Though the district court addressed only standing, because the remaining issues are purely legal, we address them here. *See, e.g.*, *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110–11 (9th Cir. 2020). And consistent with *Garza*, we conclude that Plaintiffs have standing to assert their takings and due-process claims, that Defendants are not protected by sovereign immunity as to these claims, and that Plaintiffs stated a viable due-process claim but not a takings claim.

**REVERSED AND REMANDED.**[1]

---

[1]Defendants shall bear the costs on appeal. *See* Fed. R. App. P. 39(a)(3).